Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison Street, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed

Attorneys for Plaintiffs and the Alleged Classes

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMBER FERRELL AND SARA SCHNEIDER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SNAPCOMMERCE HOLDINGS, INC. d/b/a SUPER.COM and SNAPMONEY, INC. d/b/a SUPER.COM**, Delaware corporations,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiffs Amber Ferrell and Sara Schneider (collectively "Plaintiffs") bring this Class Action Complaint against Defendants SnapCommerce Holdings, Inc. d/b/a Super.com and SnapMoney, Inc. d/b/a Super.com (collectively referred to herein as "Super.com") to: (1) stop Super.com's practice of sending text message telephone solicitations to the cellular telephones of consumers who have placed their numbers on the National Do Not Call Registry without first securing the consumers' prior express invitation or permission; (2) enjoin Super.com from continuing to send such text message solicitations to consumers who did not provide their prior

1

express invitation or permission to receive them, (3) stop Super.com's practice of sending automated commercial telephone sales calls, in the form of text messages, to the cellular telephones of Oklahoma residents without first securing prior express written consent as required by the Oklahoma Telephone Solicitation Act, Okla. Stat. Tit. 15, § 775C.1 *et seq.*, ("OTSA") and by sending its text messages from a number that cannot receive calls, as required by the OTSA, and (4) obtain redress for all persons injured by Defendant's conduct. Plaintiffs seek an award of statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and the OTSA for themselves and for the members of the alleged Classes, plus court costs and reasonable attorneys' fees.

2. Plaintiffs, for their Complaint, alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**PARTIES**

3. Plaintiff Ferrell is a natural person over the age of eighteen (18). She resides in McAlester, Pittsburg County, Oklahoma.

4. Plaintiff Schneider is a natural person over the age of eighteen (18). She resides in Orange City, Volusia County, Florida.

5. Defendants SnapCommerce Holdings, Inc. and SnapMoney, Inc. are both Delaware corporations and both do business as Super.com. Super.com has its principal place of business located at 18 Bartol Street, Unit 159, San Francisco, CA 94133. Super.com conducts business throughout this District, the State of California, and the United States.

**JURISDICTION & VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute. This Court has supplemental jurisdiction over the OTSA claims pursuant to 28 U.S.C. § 1367.

7. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classes are aggregated. And none of the exceptions to CAFA applies.

8. This Court has personal jurisdiction over Super.com because it solicits significant business in this District, its business operations are headquartered in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Super.com conducts a significant amount of consumer business within this District, because a portion of the wrongful conduct giving rise to this case occurred in and/or emanated from this District, and because Super.com's business operations are headquartered in this District.

**COMMON ALLEGATIONS OF FACT**

10. Super.com (which was formerly known as Snapcommerce and SnapTravel) is a technology company which provides reward programs and travel booking services to consumers. It is headquartered in San Francisco.

11. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

12. The National Do Not Call ("DNC") Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the DNC "must be honored indefinitely, or until the registration is

3

1  cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

2      14.      In addition to Congress, various states have been fighting back against unsolicited telemarketing activities. One such state is Oklahoma, which passed the OTSA in 2022. Under the OTSA, it is unlawful to "make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Okla. Stat. tit. 15 § 775C.3.A.

    15.      The OTSA also requires that "[i]f a telephone number is made available through a caller identification service as a result of a commercial telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a commercial telephonic sales call was placed." Okla. Stat. tit. 15 § 775C.3.B.

    16.      As part of its business practice, Super.com sends autodialed telemarketing solicitation text messages to consumers. Unfortunately for consumers, Super.com casts its marketing net too wide. That is, in an attempt to promote its business and generate sales, Super.com conducted (and continues to conduct) a wide-scale telemarketing campaign that repeatedly sends unsolicited telemarketing text messages to consumers' cellular telephones, including to those whose numbers are on the National Do Not Call Registry who did not provide prior express invitation or permission to receive such messages.

    17.      The telemarketing campaign also, in part, targets consumers in Oklahoma, such as Plaintiff Ferrell, and sends unsolicited automated text message solicitations to Oklahomans from short codes. In placing the autodialed text message solicitations at issue in this Complaint, Super.com and/or its agents utilized an automated system for the selection and/or dialing of numbers. Super.com's automated system is used to send text messages to consumers *en masse* and is, on information and belief, capable of making numerous calls or texts simultaneously and has the present capacity to both select numbers to be dialed and to dial such numbers in an

4

1  automated fashion (and in fact uses this capacity in practice).

2      18.    At all times material to this Complaint, Super.com was and is fully aware that unsolicited text messages solicitations are being made to consumers' cellular telephones through its own efforts and that of its agents.

    19.    Defendant knowingly made (and continues to make) unsolicited text message solicitations without the prior express permission or written consent of the recipients, including to those consumers who placed their numbers on the DNC Registry specifically to avoid receipt of such solicitations. In doing so, Super.com not only invaded the personal privacy of Plaintiff and members of the alleged Classes, but also intentionally and repeated violated the TCPA and the OTSA.

### FACTS SPECIFIC TO PLAINTIFF FERRELL

    20.    Plaintiff Ferrell is the customary user of a personal cellular telephone number ending in 5183. Ferrell placed this number on the Do Not Call Registry on September 12, 2024.

    21.    Beginning on September 30, 2024, Plaintiff Ferrell began receiving unsolicited and automated text message solicitations from Super.com sent from the short code 34378.

    22.    Many of the messages were received by Ferrell more than thirty (30) days after she placed her number on the DNC Registry. The messages continued into October, November, and December 2024, all the way up to February 2025.

    23.    Dates of these automated solicitations include: September 30, 2024, October 1, 2024, October 25, 2024, November 21, 2024, November 23, 2024, November 26, 2024, November 28, 2024, November 29, 2024, November 30, 2024, December 1, 2024, December 2, 2024, February 2, 2025, and February 3, 2025

    24.    Screenshots evidencing receipt of the messages and their content are produced below:



6



a

Case 4:25-cv-03160-JST   Document 1   Filed 04/08/25   Page 8 of 20



25. Super.com did not have Ferrell's prior express invitation or permission or her OTSA-compliant prior express written consent to send any text message solicitations to her cellular telephone number.

26. Ferrell is an Oklahoma resident and her cellphone number at issue has an Oklahoma area code.

27. Ferrell has never provided her cellular telephone number to Super.com.

8

28. Ferrell does not have a business relationship with Super.com.

29. Ferrell did not opt-in to any rewards program or membership with Super.com.

30. Super.com was, and is, aware that the above-described text messages were sent to consumers like Plaintiff who did not consent to receive them.

31. By placing the unauthorized text messages alleged herein, Super.com has caused Ferrell and other consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such messages, in addition to the wear and tear on their telephones, consumption of battery life, and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such messages, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant sent the texts knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components. The receipt of these messages also intrudes on consumers' right to seclusion.

## FACTS SPECIFIC TO PLAINTIFF SCHNEIDER

32. Schneider is the customary user of a personal cellular telephone number ending in 2574. Schneider placed this number on the Do Not Call Registry on July 25, 2024.

33. Beginning in the Fall of 2024, and more than 30 days after Schneider placed her number on the DNC Registry, Plaintiff Schneider began receiving unsolicited text message solicitations from Super.com sent from the short code 34378.

34. Some of the solicitations were the exact same solicitations that Ferrell received, word-for-word, sent on the same day. This is further evidence that the messages are automated and sent *en masse* to consumers across the country.

35. Screenshots evidencing receipt of the messages and their content are produced below:





36. Super.com did not have Schneider's prior express invitation or permission to send any text message solicitations to her cellular telephone number.

37. Schneider has never provided her cellular telephone number to Super.com.

38. Schneider does not have a business relationship with Super.com.

39. Schneider did not opt-in to any rewards program or membership with Super.com.

40. Super.com was, and is, aware that the above-described text messages were sent to consumers like Plaintiff who did not consent to receive them.

41. By placing the unauthorized text messages alleged herein, Super.com has caused Schneider and other consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such messages, in addition to the wear and tear on their telephones, consumption of battery life, and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such messages, in the form of the

11

diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant sent the texts knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components. The receipt of these messages also intrudes on consumers' right to seclusion.

42. To redress these injuries, Schneider and Ferrell, on behalf of themselves and Classes of similarly-situated individuals, brings this suit and seek an injunction requiring Super.com to cease all unauthorized telemarketing activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Classes defined as follows:

> **Do Not Call Registry Class**: All persons throughout the United States (1) to whom Super.com delivered, or directed to be delivered, more than one text message within a 12 month period for purposes of encouraging the purchase of a product or service through Super.com, (2) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before Super.com delivered or directed to be delivered at least two of the text messages within the 12-month period, (3) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (4) for whom Defendant claims it obtained prior express invitation or permission in the same manner as Defendant claims it obtained prior express invitation or permission from Plaintiffs.

> **Oklahoma Autodialed Class**: All persons in Oklahoma who: (1) were sent at least one commercial telephonic sales text message call (2) for the purpose of soliciting or marketing Super.com's products or services, (3) using the same dialing equipment utilized to send commercial telephone sales text message calls to Plaintiff Ferrell (4) from November 1, 2022 through the date notice is disseminated to a certified class, and (5) for whom Super.com claims it obtained prior express written consent in the same manner as Super.com claims it obtained prior express written consent from Plaintiff Ferrell, or where there is no claimed prior express written consent.

> **Oklahoma Caller ID Class**: All persons in Oklahoma who: (1) were sent at least one commercial telephonic sales text message call (2) for the purpose of soliciting or marketing Super.com's products or services, (3) through the use of a short code, including short code 34378, (4) from November 1, 2022 through the date notice is disseminated to a certified class.

1    44.    The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Super.com, Super.com's subsidiaries, parents, successors, predecessors, and any entity in which Super.com or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Super.com's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

45.    **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Super.com (or its agents) has sent the telephone solicitations at issue to hundreds or thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records.

46.    **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Super.com's uniform wrongful conduct.

47.    **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and they have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Super.com has no defenses unique to Plaintiff.

48.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Super.com's conduct violated the TCPA;

(b) Whether Super.com systematically sent more than one telephone solicitation text message to individuals who placed their numbers on the DNC Registry who did not previously provide Super.com with their prior express permission or invitation to receive such messages;

(c) Whether Super.com's dialing equipment utilized an automated system for the selection and dialing of numbers;

(d) Whether Super.com procured OTSA-compliant prior express written consent prior to sending any automated solicitation messages to Oklahomans;

(e) Whether Super.com violated the OTSA by sending the solicitations at issue from a short code which is not capable of receiving telephone calls; and

(f) The proper measure of damages, including whether treble damages are appropriate.

49. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Super.com's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Super.com's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

**(On behalf of both Plaintiffs and the Do Not Call Registry Class)**

50. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

53. Super.com violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

54. Super.com violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Class received more than one text message call in a twelve-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

55. As a result of Super.com's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. To the extent Super.com's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Registry Class.

**SECOND CAUSE OF ACTION**
**Violation of Oklahoma Telephone Solicitation Act, 15 § 775C.3**
**(On behalf of Plaintiff Ferrell and the Oklahoma Autodialed Class)**

57. Ferrell incorporates by reference the foregoing allegations as if fully set forth herein.

58. It is a violation of the OTSA to "make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Okla. Stat. tit. 15 § 775C.3.A.

59. Under the OTSA, "prior express written consent" is defined to mean an agreement in writing which:

    a. bears the signature of the called party;

    b. clearly authorizes the person making or allowing the placement of a commercial telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

    c. includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

    d. includes a clear and conspicuous disclosure informing the called party that:

        i. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone

numbers or the playing of a recorded message when a connection is completed to a number called; and

      ii. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Okla. Stat. tit. 15 § 775C.2.3.

60. In violation of the OTSA, Super.com sent commercial telephonic sales calls in the form of text messages to Ferrell and the Class without their prior express written consent, as that term is defined by Oklahoma law.

61. On information and belief, such unlawful conduct has been continuous and ongoing since the OTSA was enacted on November 1, 2022.

62. Ferrell is, and at all relevant times was, the "regular user of" the cellphone number at issue. Thus, Ferrell was the "Called party" with respect to each of the unlawful text messages sent by Super.com as alleged in this Complaint.

63. The messages are also "commercial telephonic sales calls" as that term is defined in the OTSA.

64. The equipment utilized by Super.com to send the messages features an automated system for the selection and dialing of telephone numbers.

65. Not only are the messages impersonal, they are blasted *en masse* in (oftentimes) identical fashion. Indeed, Plaintiff Schneider received verbatim solicitations as Ferrell did despite them living in different states.

66. None of the exceptions to the OTSA are applicable in this case.

67. As a result of Super.com's violations of Oklahoma law, Ferrell and members of the Oklahoma Autodialed Class were harmed and are entitled to a minimum of $500 in statutory damages for each violative text message solicitation pursuant to 15 § 775C.6.

68. Ferrell and the Class are also entitled to and hereby seek an injunction prohibiting Super.com from future transmission of commercial telephone sales calls to the telephone numbers regularly used by Ferrell and the members of the class, absent Oklahoma-compliant prior express written consent.

### THIRD CAUSE OF ACTION
**Violation of Oklahoma Telephone Solicitation Act, 15 § 775C.3**
**(On behalf of Plaintiff Ferrell and the Oklahoma Caller ID Class)**

69. Ferrell incorporates by reference the foregoing allegations as if fully set forth herein.

70. Super.com violates the OTSA in a separate and distinct way from the conduct set forth in Count II above.

71. That is, under Oklahoma law, "If a telephone number is made available through a caller identification service as a result of a commercial telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a commercial telephonic sales call was placed." Okla. Stat. tit. 15 § 775C.3.B.

72. The commercial telephonic sales calls at issue in this case were sent to Ferrell (and indeed to non-Oklahoma resident Schneider) from the short code 34378, as displayed via the caller ID feature utilized by Ferrell's cellphone and as reflected in the screenshots provided above.

73. The problem for Super.com is that short code 34378 is not "capable of receiving telephone calls" and does not "connect the original call recipient, upon calling such number, to" Super.com. Indeed, upon attempting to call 34378, the call cannot be connected at all. It simply drops before even ringing.

74. Thus, each of Super.com's text message solicitations sent to Ferrell and other Oklahoma residents from short code 34378 (or any other short code used by Super.com during the

relevant time period) violated the OTSA and Ferrell and the Class are entitled to statutory damages pursuant to section 775C.6 for each such message sent.

75. Ferrell and the Oklahoma Caller ID Class are also entitled to injunctive relief to cease all future unlawful telemarketing activity. .

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Classes, pray for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiffs as the representatives of the Classes, and appointing their counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation of the TCPA, trebled to $1500 if willfulness is determined, to be paid into a common fund for the benefit of the Plaintiffs and the Do Not Call Registry Class;

C. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation of the OTSA, trebled to $1500 if willfulness or knowingness is determined, to be paid into a common fund for the benefit of the Ferrell and the Oklahoma Classes;

D. An order declaring that Super.com's actions, as set out above, violate the TCPA and the OTSA;

E. An order enjoining Super.com from all future unlawful telemarketing conduct;

F. An award of pre- and post-judgment interest;

G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated: April 8, 2025

Respectfully submitted,

**AMBER FERRELL AND SARA SCHNEIDER**, individually and on behalf of all others similarly situated,

By: */s/ Rebecca Davis*
       One of Plaintiffs' Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison Street, Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*

*Attorneys for Plaintiffs and the Alleged Classes*